UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KATHELINE PIERRE,

        Plaintiff,

        v.

JOHN DOE(S) #1, Postal Inspection Service; JOHN
DOE(S) #2, Brooklyn Department of Transportation;
JANE DOE(S) #3, Customer Service Representatives
of Coney Island HRA Job Center; and JANE DOE(S)
#4, NYC HRA Job Centers,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

19-CV-1030 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

The Court received this complaint from *pro se* plaintiff Katheline Pierre on February 15, 2019. Plaintiff's request to proceed without the prepayment of fees was granted on February 21, 2019. For the reasons discussed below, the complaint is dismissed, with leave to file an amended complaint within 30 days as set forth below.

## BACKGROUND

The complaint contains hand-written entries on a form complaint. In the space to indicate the basis for federal court jurisdiction, plaintiff checks "Federal question" and lists procedural rules, the First Amendment, and an 1819 Supreme Court case, but no federal causes of action. She names John and Jane Doe defendants of the United States Postal Service and two New York City agencies—the Department of Transportation and the Human Resources Administration ("HRA"). The Statement of Claim and attached exhibits list the following concerns:

(1) Plaintiff is a "verified" victim of identity theft since 2012, and has discovered "data breaches," and an unauthorized credit card. (Complaint at 5, 7, 8.)[1] She was denied a credit account. (*Id.* at 25.) She requested Transunion credit reporting agency investigate an account listed on her credit report. (*Id.* at 26.)

(2) Her mail has gone missing, including correspondence from the Internal Revenue Service and the Federal Trade Commission and a shipment from "a supplier." (*Id.* at 7-8.)

(3) Plaintiff was assaulted in August of 2017, but she was unable to receive proper medical care because her medical insurance would not cover hospital visits without a $40 co-pay. (*Id.* at 8). Her free healthcare was restored in November 2018. (*Id.* at 9.)

(4) Her public assistance benefits were changed or denied on multiple occasions, and multiple fair hearings were held by the New York State Office of Temporary and Disability Assistance. (*Id.* at 9.) Her benefits were restored in September 2017. In July of 2018, Plaintiff was "thrown out of the NYC HRA Center in Coney Island and told to go to another HRA Center with only $22.50 in public assistance." (*Id.*) In one Decision after Fair Hearing on December 7, 2018, she disputed her category of assistance and whether she was entitled to semi-monthly cash payments of $91.50 or $22.50. (*Id.* at 12-15.) The Hearing Officer directed the New York City Department of Social Services to review Plaintiff's category of assistance; provide her an opportunity to verify her income, residence, and expenses; explain its decision in writing; and "restore all lost Public Assistance benefits, if any, retroactive to July 22, 2018." (*Id.* at 15.) She stated "when the Administrative Hearings notified HRA of their responsibility to comply with Administrative decision, they denied me almost all assistance through a category not identified by other cod [*sic*]." As of February 22, 2019, she was still receiving semi-monthly cash payments of $22.50. (*Id.* at 44.)

(5) On August 8, 2018, Plaintiff was denied a late pass at a homeless shelter, despite showing proof of her employment schedule, and seeking police intervention. (*Id.* at 17-18.) As a result, her personal belongings were stolen. (*Id.* at 9.)

(6) Plaintiff has suffered from additional annoyances, including:
   a. Her laptop was infected with viruses and she was unable to use certain features. (*Id.* at 8.)
   b. She "smelled gas leaks and noticed that the streets had become overcrowded with cargo and people in unauthorized personal uniform on DOT UPS/Fedex/Etc." (*Id.*)
   c. The trains were subject to delays and overcrowding. (*Id.*)
   d. Stock market crashes seemed related to unspecified incidents involving plaintiff. (*Id.*)

---

[1] The pages of the standard form and the addenda and exhibits are not consecutively paginated. The Court refers to the numbers assigned by the Electronic Case Filing ("ECF") System.

    e. "The food was perishing at alarming rates with miscellaneous tags." (*Id.*)
    f. Water that tasted of chlorox made her menstruate early. (*Id.* at 18.)

Plaintiff seeks injunctive relief "preventing further losses," unspecified restitution, and monetary damages in the sum of "$2.75 E+09 USD."[2] (*Id.* at 6.)

## DISCUSSION

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). A federal statute, 28 U.S.C. § 1915(e)(2)(B), allows indigent plaintiffs to file lawsuits without paying the usual filing fee. This statute requires a district court to dismiss a case if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Under Rule 8, the complaint must include facts that state a possible claim to relief. It is not enough to allege the defendant harmed the plaintiff; the claim must include factual details that, if they are true, would show the defendant broke the law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There are two types of federal subject matter jurisdiction. One type is called federal question jurisdiction. In that type, the complaint must have a claim based on a federal law. *See*

---

[2] The Court takes judicial notice that this figure is scientific notation for $2,750,000,000.

28 U.S.C. § 1331; *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). The other type of federal subject matter jurisdiction is called diversity jurisdiction. In that type, the plaintiff must show that plaintiffs and defendants have complete diversity of citizenship, which means that the plaintiffs must live in a different state from all the defendants. Also, the claim for money damages, which is called the amount in controversy, must be for more than $75,000. *See* 28 U.S.C. § 1332. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *see Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).

The complaint as it is written now does not follow Rule 8. Plaintiff does not provide a basis for jurisdiction because she does not claim that the defendants broke a federal law or claim that the plaintiff and defendants live in different states. Plaintiff does not claim that any of the defendants she names did anything that caused her any harm. She mentions problems with data breaches and credit reporting, but she does not say anything specific that would show a violation of the Fair Credit Reporting Act. To state a claim under the Fair Credit Reporting Act, a plaintiff must show that her credit report was used unlawfully or contains inaccurate information. *See* 15 U.S.C. § 1681, *et. seq.*

Plaintiff names postal inspectors as defendants and claims that some of her mail is missing. However, the United States Postal Service is immune from claims regarding mail delivery. In most cases, the federal government and its agencies are protected by sovereign immunity, which means that they cannot be sued for money damages. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act waives this sovereign immunity and permits some monetary claims against the United States for injuries or losses caused by government

employees. 28 U.S.C. § 1346(b)(1). However, the Federal Tort Claims Act specifically excludes claims regarding mail delivery. *See* 28 U.S.C. § 2680(b).

Plaintiff also claims that she is entitled to public assistance benefits and housing. The Due Process clause of the Fourteenth Amendment holds that government officials may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This means that when a person has a property right, the government may take the property only if they follow the correct procedures. "The core of due process is the right to notice and a meaningful opportunity to be heard." *LaChance v. Erickson*, 522 U.S. 262, 266 (1998) (quotations and citation omitted)). This means that if a person has a property right, their property cannot be taken away unless they are told that they are at risk of losing the property and have the right to oppose it. "In circumstances involving random, unauthorized acts by governmental employees, due process is not violated if the state provides a meaningful post deprivation procedure." *Prince v. Dep't of Soc. Servs. of Oneida Cty.*, No. 16-CV-440-DNH-ATB, 2016 WL 9665266, at *6 (N.D.N.Y. Aug. 31, 2016) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2017 WL 4119273 (N.D.N.Y. Sept. 15, 2017).

The Supreme Court has "long held that procedural due process protections 'attach where state or federal law confers an entitlement to benefits.'" *Barrows v. Burwell*, 777 F.3d 106, 113 (2d Cir. 2015) (quoting *Kapps v. Wing*, 404 F.3d 105, 113 (2d Cir. 2005) (citation omitted)). Qualified recipients of public assistance benefits have a "property interest in their continued receipt of food stamps, Medicaid and cash assistance." *Reynolds v. Giuliani*, 35 F. Supp. 2d 331, 341 (S.D.N.Y.), *modified in part*, 43 F. Supp. 2d 492 (S.D.N.Y. 1999) (citing *Goldberg*, 397 U.S. 254, 261-66 (1970); *Dandridge v. Williams*, 397 U.S. 471, 487 (1970)).

5

New York State has procedures for deciding who is eligible for benefits. New York also gives a way for people who believe they should get benefits to challenge decisions that they do not agree with. A person who is denied benefits may request a Fair Hearing. If the person does not agree with the Decision after Fair Hearing, she may bring a case in New York State Courts under Article 78 of New York's Civil Practice Law and Rules. *See Davis v. Proud*, 2 F. Supp. 3d 460, 489 (E.D.N.Y. 2014) ("If a New York applicant wishes to challenge the resolution of her application after a fair hearing, she must do so by bringing a proceeding in state court under Article 78 of the New York Civil Practice Law and Rules.") (citations and internal quotation marks omitted); *Vapne v. Eggleston*, 04-CV-0565, 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004) (stating that an Article 78 proceeding was the correct way to challenge "a routine dispute over amount of food stamp benefits issued by Defendants"). "Article 78 of the CPLR provides an adequate post-deprivation procedure to satisfy the requirements of constitutional due process where the deprivation of a property interest . . . arises from random and unauthorized conduct of a governmental actor rather than from established state procedures." *Gilmore v. Bouboulis*, No. 15-CV-0686-GTS-DEP, 2016 WL 4532146, at *10 (N.D.N.Y. Aug. 29, 2016); *see Riano v. Town of Schroeppel*, 13-CV-0352-MAD-TWD, 2015 WL 4725359 at *4 (N.D.N.Y. Aug. 10, 2015) ("New York State statutes provide an opportunity for full and complete judicial review of all administrative determinations. The availability of such judicial review satisfies the dictates of procedural due process."). Accordingly, where these state procedures are followed, a person seeking benefits does not have a federal due process claim to bring in federal courts.

In this case, plaintiff states that she received multiple fair hearings and that her medical benefits and public assistance benefits were restored. Most recently, a December 7, 2018 Decision After Fair Hearing found that the New York City Department of Social Services had

incorrectly determined plaintiff's category of assistance. The Hearing Officer told the Agency to review plaintiff's level of assistance and gave plaintiff the opportunity to verify her income, residence, and expenses. Plaintiff has not said what happened next, but she did say that HRA "denied me almost all assistance." Although this may not have been the outcome Plaintiff wanted, it appears that the state procedures were followed.

Plaintiff's remaining claims, related to train conditions; gas leaks; computer viruses; and the quality of food and water, do not appear to raise any federal question or state a claim for relief.

In light of its duty to liberally construe *pro se* complaints, the Court gives Plaintiff 30 days leave to file an amended complaint, if she believes that she has a claim under the Fair Credit Reporting Act or that her right to due process was violated. Any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure: it must clearly state the grounds for relief and include specific factual details, including how she was harmed and who caused the harm. Any amended complaint must be captioned "Amended Complaint," and bear the same docket number as this order.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). All proceedings shall be stayed for 30 days. If Plaintiff fails to file an amended complaint within 30 days, the Court will enter judgment dismissing the complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK
WILLIAM F. KUNTZ II
United States District Judge

Dated: Brooklyn, New York
March 14, 2019