UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KATHELINE PIERRE,

        Plaintiff,

v.

MS. JOHNSON, Postal Inspection Service; MS. EDOBENA, Postal Inspection Service; JOHN DOE, Brooklyn Department of Transportation; JOHN DOE, NYC HRA; GISELLE, Customer Service Representative, Coney Island DSS Center 63; MICHELLE, Customer Service Representative, Coney Island DSS Center 63; MR. JOSEPH, Customer Service Representative, Coney Island DSS Center 63; and AGENCY, NYC HRA DSS "Job" Centers,

        Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
19-CV-1030 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Katheline Pierre ("Plaintiff"), proceeding *pro se*, initially brought this civil action on February 15, 2019. By Memorandum and Order dated March 14, 2019, the Court dismissed the complaint, but gave Plaintiff leave to amend her complaint within 30 days in order to assert possible claims under the Fair Credit Reporting Act ("FCRA") and the Due Process Clause of the Fourteenth Amendment. Plaintiff filed her amended complaint on April 29, 2019. The amended complaint does not fix the problems in the original complaint. Accordingly, the action is dismissed.

The original complaint presented a list of problems that Plaintiff faced, including disruptions in her public assistance benefits and Medicaid coverage, stolen mail and personal property, identity theft, and issues with her credit reports. In its March 14, 2019 Order, the Court dismissed Plaintiff's claims related to the non-delivery of her mail and the miscellaneous claims that did not allege any federal cause of action. The Court found Plaintiff's complaint failed to

state a claim for violation of the FCRA because she did not show that her credit report was used unlawfully or contains inaccurate information. The March 14, 2019 Order also considered Plaintiff's Due Process claims related to the suspension of benefits and found Plaintiff had received multiple Fair Hearings that ultimately caused some of her benefits to be restored. Since Plaintiff did not describe the outcome of the most recent review by the New York City Department of Social Services after the December 7, 2018 Decision After Fair Hearing, the Court allowed her to amend her Due Process claim. She was also permitted to amend her FCRA claim.

Most of the April 29, 2019 Amended Complaint is dedicated to various federal statutes and regulations that are not related to Plaintiff's remaining claims.[1] It includes vague allegations of identity theft, assault, discrimination, mail fraud, and other bad acts, but it does not include sufficient factual details, such as the date or location or alleged perpetrator, to state a claim to relief. Plaintiff attaches copies of reports she filed with the New York City Police Department, the Federal Bureau of Investigations, and the Federal Trade Commission, but these reports also do not include factual details that could support claims against any specific persons or related to any specific acts. The only specific factual allegations against individually named defendants are the following: Michelle, Giselle, and Joseph, who are identified as Customer Service Representatives for the Coney Island office of the New York City Department of Social Services, claimed to have access to Plaintiff's private information. *See* ECF No. 6 at 17.[2] And Ms. Johnson and Ms. Edobena of the Postal Inspection Service stole copies of Plaintiff's tax returns and tampered with her government-issued ID. *Id.* at 18, 20. Plaintiff has not alleged any

---

[1] Plaintiff also filed similar claims in *Pierre v. Doe, et al.*, 19-CV-1521, which was also dismissed.
[2] As the pages of the Amended Complaint and exhibits are not consecutively numbered, the Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

2

federal cause of action related to these claims, and they are therefore dismissed for failure to state a claim.

Plaintiff cites the FCRA and attaches copies of credit reports and communications with financial institutions. However, she does not allege that her credit report was used unlawfully or that it contains inaccurate information or otherwise violates the FCRA. Accordingly, any remaining claims under the FCRA are dismissed.

Plaintiff has also renewed her claim regarding the change in her public assistance benefits. The Amended Complaint includes a summary and partial copy of the December 7, 2018 Decision After Fair Hearing ("Decision"), in which the Commissioner of the New York State Office of Temporary and Disability Assistance ("OTDA") found that the New York City Department of Social Services ("the Agency") had provided insufficient documentation to support its previous decision regarding Plaintiff's category of assistance. Accordingly, the Commissioner remanded Plaintiff's case to the Agency for further review of the category of assistance. ECF No. 6, at 41-43. The Commissioner directed the Agency to review the category of assistance; give Plaintiff an opportunity to verify her income, residence, and expenses; advise Plaintiff of its decision; and "restore all lost Public Assistance benefits, *if any*, retroactive to July 22, 2018." *Id.* at 43 (emphasis added). In the Amended Complaint, Plaintiff mischaracterizes the December 7, 2018 Decision by claiming: "The Defendants #4-#5 were ordered to immediately comply with directives to restore all lost public assistance benefits retroactive to July 22, 2018." *Id.* at 19. She claims the local Agency has "refused compliance" because she has not been restored to her previous level of benefits. *Id.* However, the Decision did not determine that Plaintiff was entitled to any particular level of benefits. Instead, it required the Agency to review Plaintiff's category of assistance and explain its decision to Plaintiff. Then, *if*

3

the Agency finds that Plaintiff is entitled to additional benefits, it must provide them, including retroactively to July 22, 2018. Plaintiff has not indicated whether the local Agency complied with the Commissioner's direction to review her category of assistance and notify her of its decision. She attaches a December 21, 2018 letter from a Compliance Coordinator at the OTDA, acknowledging "receipt of your complaint of non-compliance concerning the above-referenced fair hearing decision" and requesting 30 days to complete review. *Id.* at 67. The letter states that the office would "contact you by letter when we are satisfied that your local agency has complied with the fair hearing decision." *Id.* She has not indicated whether she received additional information within 30 days.

If Plaintiff has received a letter explaining any change in her category of assistance, and if she is unhappy with that decision, then she may bring a case in New York State Courts under Article 78 of New York Civil Practice Law and Rules. "The availability of such judicial review [under Article 78] satisfies the dictates of procedural due process." *Riano v. Town of Schroeppel*, 13-CV-0352, 2015 WL 4725359 at *4 (N.D.N.Y. Aug. 10, 2015) (D'Agostino, J.).

However, if Plaintiff has not received the review to which she is now entitled, she has additional remedies through the OTDA. When the OTDA directs the local Agency to take some action, the Agency must comply within 90 days. 18 NYCRR §§ 358-6.1, 358-6.4(a). If the Agency fails to act, the applicant may submit a complaint to OTDA's Office of Administrative Hearing's Compliance Unit.[3] *See Williston v. Eggleston*, 379 F. Supp. 2d 561, 567 (S.D.N.Y. 2005) (Sweet, J.) (describing the application of New York's regulations for determining eligibility for public assistance). The Compliance Unit will then "secure compliance by whatever means is deemed necessary and appropriate under the circumstances of the case." *See*

---

[3] This form is available online at https://otda.ny.gov/hearings/compliance.

4

18 NYCRR § 358–6.4(c). It seems that Plaintiff filed such a complaint within two weeks of the Decision but has failed to indicate what happened next. Plaintiff is advised to pursue her remedies with the OTDA and the state courts on this issue.

## CONCLUSION

The Amended Complaint fails to provide any information about the proceedings after December 7, 2018. From the limited record, it appears that Plaintiff received the process that was due under New York State law. Accordingly, the action is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK
WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
May 10, 2019